### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF ARKANSAS

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**V.**                    **CASE NO: 4:15-cr-00038-JMM**

**CHRISTOPHER WATSON**                                          **DEFENDANT**

## MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE AND BRIEF IN SUPPORT

The Defendant Christopher Watson by and through his attorney Michael Kiel Kaiser of Lassiter & Cassinelli states in support of his motion for early termination of supervised release:

## STATEMENT OF FACTS

On October 5, 2016, Watson pleaded guilty to conspiracy to distribute and dispense hydrocodone without an effective prescription in violation of 18 U.S.C. § 371; healthcare fraud in violation of 18 U.S.C. § 1347; and structuring in violation of 31 U.S.C. § 5324(a)(3). (Doc. 581). On April 17, 2019, Watson was sentenced to 108 months of imprisonment to be followed by 3 years of supervised release. (Doc. 901). Watson was ordered to pay $300.00 in assessment fees and $54,000.00 in restitution. (Doc. 807).

Watson began his term of Supervised Release on August 27, 2024. As of the date of filing, he has completed more than half of his three-year term of Supervised Release.

## ARGUMENT

Early termination of supervised release is warranted by Watson's conduct and the interests of justice under 18 U.S.C. § 3583(e)(1) and is supported by consideration of the relevant factors set forth in 18 U.S.C. § 3553(a).

Pursuant to 18 U.S.C. § 3583(e), a district court may, after considering certain factors set forth in Section 3553(a),[1] terminate a term of supervised release at any time after the expiration of one year of the term if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The Court is afforded "broad discretion" to decide whether a term of supervised release should be terminated. *United States v. Davies*, 380 F.3d 329, 332 (8th Cir. 2004). Furthermore, the Court also has authority to terminate a term of supervised release under the Sentencing Guidelines and "is encouraged to exercise this authority in appropriate cases." U.S.S.G. § 5D1.2, n. 5. This is one of those appropriate cases.

I.    Early Termination is Supported by the Relevant Factors Set Forth in 18 U.S.C. § 3553(a).

    A. Nature and Circumstances of the Offense.

---

[1] 18 U.S.C. § 3583(a) directs a district court to consider, in particular, the factors set forth in 18 U.S.C. § 3553(a)(a), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

While undoubtedly serious, Mr. Watson's offenses did not involve the use or threatened use of violence, nor did they involve the use of a firearm. These were non-violent offenses. This factor weighs in favor of termination.

B. <u>History and Characteristics of the Defendant.</u>

Since his release, Watson has operated a cattle farm and several commercial rental properties in Faulkner County. He remains dedicated to his family, and both his family connections and faith have never been stronger. *See character letters, attached as Exhibit A*. He is blessed to work with his wife daily. Watson respectfully requests termination of the remaining term of his supervised release accordingly.

C. <u>The Need for the Sentence to Afford Adequate Deterrence to Criminal Conduct and Protect the Public from Future Crimes of the Defendant.</u>

Mr. Watson served his full sentence of imprisonment for these offenses, and has served more than 1.5 years on Supervised Release. He has not reoffended at all since his release. Whether Mr. Watson ultimately serves a term of imprisonment followed by nearly two years of supervised release or the full three years of supervised release as originally sentenced, the overall sentence will have afforded adequate deterrence to criminal conduct. Granting early termination now would not diminish this deterrent effect. Anyone considering healthcare fraud will know that such conduct is punished severely, regardless of how much time Mr. Watson ultimately serves of his remaining term of supervised release.

D. <u>The Need to Provide Restitution to Any Victims of the Offense.</u>

Mr. Watson was ordered to pay $54,000.00 in restitution, and has paid all of the restitution in its entirety. He has also paid the full $300.00 in assessments. Mr. Watson has complied with all financial obligations related to his sentence. Accordingly, this factor weighs in favor of early termination.

II.    <u>Early Termination is Warranted by the Conduct of the Defendant and the Interest of Justice Pursuant to 18 U.S.C. § 3583(e).</u>

18 U.S.C. § 3583(e)(1) states that the Court may, after considering the factors set forth in section 3553, "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]"

Taken as a whole, the factors discussed above support early termination of supervised release. The nature of the offense as well as Mr. Watson's personal circumstances weigh in favor of early termination. There is every reason to believe Mr. Watson has been adequately deterred and will not engage in any type of criminal behavior in the future. He has had no technical violations and has remained in complete compliance with all conditions while on supervised release.

Mr. Watson's probation officer will confirm that he has been remarkably compliant since being placed on Supervised Release, and that he has complied with

4

all special conditions of his Supervised Release. Further, this Court has already terminated supervised release for two of Watsons's codefendants who were also sentenced to three-year terms of supervised release in this case. (Doc. 935, 941).

It is in the interest of justice for the Court to order early termination of Mr. Watson's term of supervised release accordingly.

WHEREFORE, the Defendant Christopher Watson asks the Court for early termination from supervised release, for a hearing on this motion if the Court deems necessary, and for any other relief the Court finds appropriate.

Respectfully submitted,

**Michael Kiel Kaiser**
Michael Kiel Kaiser (ABN 2015001)
Michael@lcarklaw.com

**Attorney for Defendant**
LASSITER & CASSINELLI
1218 W 6th Street
Little Rock, AR 72201
(501) 370-9300

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and transmitted a copy via electronic transmission to AUSA Kristin Bryant.

**Michael Kiel Kaiser**
Michael Kiel Kaiser (ABN 2015001)

5